# UNITED STATES DISTRICT COURT.

In the Matter of Philip Rein, bankrupt.

*Taxation of costs.*

The standing auditor, under general order 30, has no jurisdiction to tax a marshal's bill of costs.

*Southern district of New York.*
*At Chambers, 4 Warren street, in the city of New York, in said district, this 29th day of June, 1875.*

I, the undersigned register, in charge of the above entitled matter, do hereby certify to this honorable court, that I have been applied to to countersign a check for the payment of the marshal's fees in this matter, amounting to $391.30, which I declined to do in a note addressed to the marshal, a copy of which is hereto annexed marked schedule A, for the reason therein stated. I have since received a note from the marshal which is hereto annexed, marked schedule B.

In compliance with the request therein contained, I hereby certify that my reasons for so declining, or rather for the doubts which made me prefer that the matter be submitted to the court as stated in my said note to the marshal, are as follows:

General order 30, provides that, " Ten days before the day *fixed* for the consideration of the assignee's *final* accounts or at any other time *fixed* by the court * * * the marshal shall file with a master, commissioner of the court or * * * standing auditor, a statement of fees, including prospective

fees for final distribution, which shall exhibit by items each service, and the fee charged for it, and the amount received." It is very clear that unless all the preliminary requirements are strictly complied with, the auditor could get no jurisdiction to tax. He is an officer of limited powers, not sitting to perform the duties of the court at chambers, and nothing can be presumed in his favor ; this is a familiar rule and one to which the courts rigidly adhere. He can exercise no power but such as is by the letter conferred upon him.

There is a charge in the bill, " Paid James Turney for services as per affidavit, $100." Also a charge, " Allowance to marshal for custody of property and special care thereof, $200." I am not clear that these charges are " A statement of fees which exhibit, by items, each service and the fee charged for it," within the meaning of the general order 30. Section 47 of the act provides four classes of services for which the marshal may have fees to be taxed by the taxing officer. These two charges clearly do not come under either of the first three provisions ; and as to the fourth, it seems to cover only disbursements actually made. They are confined to his actual and necessary expenses upon returning the same in specific items. But if any doubt exists as to the charge of $100 paid Turney, there can be, I think, none as to the charge of $200 for " allowance to marshal for custody of property and special care thereof."

It is true that under the provisions of the following clause the *court*, in its *discretion* may, for cause shown, make such further allowance. No such power is, however, conferred upon the auditor, nor could such discretion be delegated. The registers holding the bankruptcy court at chambers, may, by the provisions of the act, exercise this function perhaps, but there does not seem to be any rational pretext for saying that the auditor can do so.

It is submitted that the provisions of the general order 30, under consideration, is of doubtful legality. It was so doubted by the district judge of many of the districts, that no action

was ever taken by them under it. I think the question of its validity has never before been presented.

. The *justices* of the supreme court, acting as justices but not as a court, were required by section 10 of the act, to do certain things. These specified things they could do, but things not specified they had no more power to do than had the justices of the state courts. Indeed the rule of construction in such cases operates as a prohibition to do things not specified. It cannot be pretended that the section in question confers upon the justices the power to create, or cause to be created, a new office, one not contemplated in the act, and to confer upon such officer powers which by the letter of the act are expressly conferred upon officers created thereby. The power of taxing the marshal's costs, fees, &c., is by general order 5, conferred upon the registers under the provision of section 4, which provides that the register shall " sit in chambers and dispatch there such parts of the administrative business of the court, and such uncontested matters as shall be defined in general rules and orders, or as the district judge shall in any particular matter direct." There cannot be found in the act or in any legislation of congress any warrant for creating another officer and conferring upon him functions which the act expressly permits them to confer on the registers. By thus specifying the registers as the persons upon whom such functions can be conferred, congress has, by well settled rules of interpretation, forbidden the justices to confer them upon any one else.

I am not now considering what may be the effect of the act of June 22, 1874. I am only considering the law as it stood at the time the marshal's costs were taxed by the auditor, to wit, April 5, 1875. The general orders now in force were adopted April 12, 1875.

It was doubts of this character that led me to desire instructions from the court before countersigning the check.

It will be borne in mind that such counter-signature is an auditing *pro tanto* of the assignee's account. Auditing is

---

Matter of Rein.

---

held to be a judicial function. It devolved upon me the *duty* of an *examination*. I have not proposed to exceed the limit of the duty thus devolved upon me.

Respectfully submitted.

I. T. WILLIAMS,

*Register in bankruptcy.*

---

DECISION OF THE DISTRICT JUDGE.

I concur in opinion with the register that the standing auditor had no jurisdiction to tax this bill. The taxation must, therefore, go for nothing.

SAMUEL BLATCHFORD,

*July* 29, 1875.                                   *District judge.*